### 8175. WIMBERLY v. LUMPKIN HOME MIXTURE COMPANY.

1.  The statutory requirements as to notice of intention to bring suit, and of the term of the court to which suit will be brought, in order to recover attorney's fees provided for in a promissory note, in addition to the principal and interest (Civil Code of 1910, § 4252), were complied with in the notice served upon the defendant in this case, notwithstanding the omission of the word "suit" from the statement that "we will institute————on same in the superior court Stewart county, returnable to April term, 1915."

2.  It appearing that the writ of error was sued out for delay only, damages are awarded against the plaintiff in error, in accordance with the statute (Civil Code of 1910, § 6213).

DECIDED APRIL 25, 1917.

Complaint; from Stewart superior court—Judge Littlejohn. March 13, 1916.

*R. S. Wimberly,* for plaintiff in error.  *G. Y. Harrell,* contra.

BLOODWORTH, J.  1.  Lumpkin Home Mixture Company brought suit against K. S. Wimberly on a note, for principal, interest, and attorneys' fees as provided for therein. Upon the trial of the case a verdict was rendered against the defendant for the amount sued for. The only question raised by his exceptions is whether or not the notice given by the plaintiff to the defendant

was sufficient to bind the defendant for attorneys' fees. The following is a copy of the notice: "We hold for collection, in favor of Lumpkin Home Mixture Guano Company against you, note for $1,046.60, dated June 20, 1914, due Oct. 1st, 1914, amount now due, principal, bal. $856.30, amount now due int. to Mar. 30, 1914, $34.25, amount now due atty's fees, 10%, $89.62. Total sum due, $985.87. The above claim is a promissory note, calling for 10 per cent. attorney's fees on principal and interest, if collected by law or through an attorney at law, and we hereby notify you, in pursuance of the statute, in order to bind you for said attorney's fees, that if said claim is not paid by the 30th day of March, 1915, we will institute————on same in the superior court Stewart county, returnable to April term, 1915. By paying said note on or by the 30th day of March, 1915, you will be relieved of said attorney's fees and court costs. Please give matter your prompt attention and oblige. Yours very truly, Lumpkin Home Mixture Guano Co., payee." It will be seen from reading the above that the notice is complete in all essential particulars. The complaint of the defendant is that the word "suit" was omitted after the word "institute" in the statement that "we will institute————on same in the superior court Stewart county, returnable to April term, 1915." This notice is a sufficient compliance with the statute (Civil Code of 1910, § 4252), and under it the jury were authorized to render a verdict for ten per cent. attorney's fees.

2. Being convinced that this case was brought to this court for delay only, we award ten per cent. damages in favor of the defendant in error against the plaintiff in error, as provided by section 6213 of the Civil Code of 1910.

*Judgment affirmed, with damages. Broyles, P. J., and Jenkins, J., concur.*